LIVINGSTON, Janet, et al., Plaintiffs,

v.

FAST CASH USA, INC., Defendant,

U.S. District Court case IP 99–1226–C (B/S), and all other District Court cases consolidated into it, including: IP 99–1887–C (B/S), IP 00–45–C (D/S), IP 00–46–C (T/S), IP 00–60–C (B/S), IP 00–121–C (H/S), IP 00–122–C (Y/S), IP 00–137–C (H/S), IP 00–138–C (B/S), IP 00–163–C (M/S), IP 00–165–C (T/S), IP 00–166 C(H/S), IP 00–339–C (H/S), IP 00–676–C (H/S), IP 00–902–C (H/S), IP 00–903–C (H/S), IP 00–957–C (B/S), IP 00–964–C (B/S), IP 00–1001–C (H/S), IP 00–1101–C (H/S), TH 00–32–C (M/S).

and

Wallace, Kelli R., et al., Plaintiffs,

v.

Advance America Cash Advance Centers of Indiana, Defendants,

U.S. District Court case no. 2:00cv0123AS, and all others consolidated into it, including: 2:00cv0179AS, 2:00cv0189AS, 2:00cv0313AS, 2:00cv0388AS, 3:00cv0070AS, 3:00cv0072AS, 3:00cv0077AS, 3:00cv0259AS, 3:00cv0274AS, 1:00cv0101AS, 1:00cv0102AS, 1:00cv0181AS, 1:00cv0276AS, 1:00cv0314AS.

Nos. 94S00–0010–CQ–609, 94S00–0010–CQ–610.

Supreme Court of Indiana.

Nov. 8, 2000.

*ORDER*

The United States District Court for the Southern District of Indiana, Indianapolis and Terre Haute Divisions, and for the Northern District of Indiana, Hammond Division, have certified a question of Indiana state law for this Court's consideration pursuant to Indiana Appellate Rule 15(O). The question arises in numerous cases pending in the courts, the "lead" case from the Southern District being *Livingston v. Fast Cash USA, Inc.*, no. IP 99–1226–C (B/S), and from the Northern District being *Wallace v. Advance America Cash Advance Centers of Indiana,* no. 2:00cv0123AS. The question, as framed by the federal district courts, is:

Is the minimum loan finance charge permitted by Ind.Code 24–4.5–3–508(7), when charged by a licensed supervised lender, limited by Ind.Code 24–4.5–3–508(2) or Ind.Code 35–45–7–2?

The Court ACCEPTS the certified question pursuant to Appellate Rule 15(O) and orders briefing on the question as follows.

There being a single question certified to the Court and the pertinent facts apparently having been stipulated, the Court directs that the cases be consolidated for purposes of briefing. Therefore, the plaintiffs in the federal actions are allowed a single main brief and a single response brief. These two briefs shall be bound with a blue cover. Likewise, the defendants in the federal actions are allowed to file a single main brief and a single response brief. These two briefs shall be bound with a red cover. Except to the extent this order directs otherwise, the four briefs shall conform to the provisions of Appellate Rule 8.2 to the greatest extent reasonably possible. In addition, each side may file one appendix containing certified copies of documents from the District Court, which the parties believe are necessary or helpful for deciding the question. The cover of the appendix shall be the same color as the main brief. An original and eight copies of each brief and appendix are to be filed with the Clerk.

The two main briefs must be filed by **December 18, 2000.** These briefs shall, to the extent reasonably practical, conform to the provisions of Appellate Rule 8.3(A). These briefs may not exceed 8400 words, exclusive of the items listed in Appellate

**1156**

Rule 8.3(A)(1), and shall be accompanied by the verified statement of word count referred to in Appellate Rule 8.2(A)(4)(b). The two response briefs must be filed by **January 12, 2001.** These briefs may not exceed 2400 words exclusive of the items listed in Appellate Rule 8.3(A)(1), and shall be accompanied by the verified statement of word count referred to in Appellate Rule 8.2(A)(4)(b). Any appendix must be filed by **January 12, 2001.**

Extensions of time will be granted only under extraordinary circumstances. Once the matter is fully briefed, the Court will take it under advisement and issue an opinion in due course.

All Justices concur.